

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 05-30084-01 |
| Plaintiff, | \* | |
| | \* | ORDER AND OPINION ON |
| -vs- | \* | MOTION TO REDUCE SENTENCE |
| CATHY STONE, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant pleaded guilty to conspiracy to distribute and possession with intent to distribute methamphetamine. She was sentenced on January 16, 2007, to 47 months custody to be followed by three years supervised release. Defendant has filed a motion, Doc. 140, to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2).

Pursuant to § 3582(c)(2), the court may reduce a defendant's term of imprisonment where that term was based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Defendant contends that Amendment 12, submitted to Congress on May 1, 2007, made changes to the Federal Sentencing Guidelines criminal history calculations, which changes would have reduced her sentencing range. That amendment was subsequently adopted as Amendment 709, effective November 1, 2007.

Congress authorized the Sentencing Commission to decide whether, and to what extent, Guidelines amendments which have the effect of reducing sentencing ranges will be given retroactive effect. Braxton v. United States, 500 U.S. 344, 348, 111 S.Ct. 1854, 1858, 114 L.Ed.2d 385 (1991) (*citing* 28 U.S.C. § 994(u)). "This power has been implemented in USSG § 1B1.10, which sets forth the amendments that justify sentence reduction." *Id*.

Guidelines § 1B1.10(a) provides, in part:

> (1) In General.--In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2).

The amendments listed in § 1B1.10(c) are:

> 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, and 706 as amended by 711.

Pursuant to the Sentencing Commission's policy statement on § 3582(c)(2) reductions, the amendment made to the criminal history calculation rules identified by the defendant in her motion are not listed as an amendment authorizing a sentencing reduction. Therefore, her sentence cannot legally be reduced. United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003).

Now, therefore,

IT IS ORDERED that defendant's motion, Doc. 140, for reduction of sentence is denied.

Dated this 7th day of May, 2008.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
                    DEPUTY
(SEAL)